PARAGOULD PAINT & GLASS, INC. *v.*
Gary RODGERS and Sherrill RODGERS, His Wife,
and FIRST NATIONAL BANK OF
PARAGOULD, Arkansas

80-6                                              599 S.W. 2d 709
Supreme Court of Arkansas
Opinion delivered June 2, 1980

*Branch & Thompson*, by: *Robert F. Thompson*, for appellant.

*Cathey, Goodwin, Hamilton & Moore*, by: *Donis B. Hamilton*, for appellees.

JOHN F. STROUD, Justice. This is a suit challenging the constitutionality of the Arkansas mechanics' and materialmen's lien statutes. We disagree with the decision of the Chancellor declaring the lien statutes void.

During the summer of 1978 Gary and Sherrill Rodgers (hereinafter appellees) and appellant entered into an agreement whereby appellant would provide the labor and materials necessary to construct a home for appellees on real property owned by them. Appellees secured financing for the project from appellee First National Bank of Paragould, Arkansas (hereinafter First National), and executed a deed of trust in favor of First National covering the property. The agreement was not in writing, although appellees claimed a cost estimate form contained the price agreed upon, and this suit arose out of a dispute over the contract price. Appellant asserted the house was completed in April of 1979 and that appellees refused to pay $12,694.56 of the $74,980.30 total construction cost. Appellees, however, alleged that the contract price had been set originally at $60,000, plus the cost of bookcases and a deck, and contended that their payment of $62,285.47 to appellant satisfied their obligation.

Appellant filed a mechanics' and materialmen's lien on the property in question after appellees refused to pay the amount claimed as past due. When appellees continued to refuse to pay, appellant filed a suit to foreclose the lien on appellees' property. After filing separate answers to appellant's complaint, appellees and First National moved for partial summary judgment, alleging that the mechanics' and materialmen's lien filed by appellant was violative of the due process clauses of the United States Constitution and the Constitution of the State of Arkansas. The Chancellor found that the Arkansas statutes authorizing the filing and enforcement of mechanics' and materialmen's liens, Ark. Stat. Ann. § 51-601 *et seq* (Repl. 1971), allowed the taking of a substantial property interest and that the actions of appellant constituted "state action" to an extent sufficient to render the statutes unconstitutional as violative of due process of law. Appellant brings this appeal from the judgment of the Chancellor, urging three points for reversal:

I. THE TRIAL COURT ERRED IN DETERMINING THAT THE ACTIONS OF THE APPELLANT IN PERFECTING ITS MECHANICS' AND MATERIALMEN'S LIEN WERE ACTIONS

ATTRIBUTABLE TO THE STATE OF ARKANSAS.

II. THE TRIAL COURT ERRED IN DETERMINING THAT THE APPLICATION OF ARK. STAT. ANN. § 51-601 ET SEQ RESULTS IN THE DEPRIVATION OF A SIGNIFICANT PROPERTY INTEREST.

III. THE TRIAL COURT ERRED IN FAILING TO AFFORD ARK. STAT. ANN. § 51-601 ET SEQ THE PRESUMPTION OF VALIDITY.

Appellees and First National, of course, urge support of the findings of the Chancellor and affirmance of his judgment that the statutes are unconstitutional.

We have today decided these same issues in the case of *South Central District of the Pentecostal Church of God of America, Inc.* v. *Bruce-Rogers Co.,* 269 Ark. 130, 599 S.W. 2d 702 (1980). The very thorough opinion in that case controls the disposition of the questions presented here. Accordingly, we find Ark. Stat. Ann. § 51-601, *et seq* (Repl. 1971) to be constitutional, and we reverse the order of the Chancellor granting appellees' and First National's motions for partial summary judgment. This case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

HICKMAN and MAYS, JJ., concur.